

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

January 10, 1964

Mr. Frank M. Jackson
Executive Secretary
Teacher Retirement System
  of Texas
201 East 14th
Austin, Texas

Opinion No. C-201

Re: Construction of the
Teacher Retirement
System of Texas under
stated facts.

Dear Mr. Jackson:

The following is your statement of facts and the question your department has proposed:

"Miss Charlotte P. Cornell was a teacher in the Galveston Public Schools.

"She was a member of the Teacher Retirement System of Texas with 21 years of 'Prior Service' (prior to September 1, 1937) and 26 years of 'Membership Service' (after September 1, 1937) making a total of 47 years of service.

"On March 20, 1963, Miss Cornell applied for retirement to become effective April 30, 1963. She was 67 years of age. On May 15, 1963, Miss Cornell died.

"At the time of application for retirement Miss Cornell elected to receive, in lieu of standard service annuity, benefits under Option 4 (a reduced allowance payable for a guaranteed period of ten years and as long thereafter as the retired member shall live). This option would have paid Miss Cornell or her beneficiary $269.93 per month for a minimum of 10 years if it had become effective before her death.

"Miss Cornell nominated her niece, Mrs. Sara Ellen Stubbs, to receive any benefits due under the Teacher Retirement Law at her

-970-

death. Her first retirement check would have been due May 31, 1963, if she had lived to that date. If Miss Cornell were considered to have died after retirement her nominee, Mrs. Stubbs, would have received $269.93 per month for 120 months. As the nominee of a member who died in service, she would receive the balance in Miss Cornell's account which amounts to $6,211.55.

"The Board of Trustees of the Teacher Retirement System has ruled as follows:  'A member who has applied for service or disability retirement and dies before the due date of the first annuity payment will be considered to be "active" rather than "retired" for the computation of death and survivor benefits.'

"The above regulation has been the departmental construction since 1937 and was re-adopted by the Board of Trustees on November 10, 1961. The original Retirement Law (S.B. 47, 45th Texas Legislature) is very specific on this point. Section 7 reads in part as follows:

"'Optional allowances. With the provision that no optional selection shall be effective in case a beneficiary dies within thirty (30) days after retirement, and that such a beneficiary shall be considered as an active member at the time of death; --------'"

"It has been the opinion of the Board of Trustees that S.B. 290, 54th Texas Legislature, (Article 2922-1, V.C.S.) repeals only the parts of the law which were in conflict. Section 18 reads in part as follows:

"'-----all provisions of the law inconsistent with the provisions of this act are hereby repealed to the extent of such inconsistency. ........'"

"The Teacher Retirement System has offered to pay Mrs. Sara Ellen Stubbs, as beneficiary of Charlotte Cornell, the amount of the accumulated deposits of Miss Cornell. Mr. Theodore B. Stubbs, attorney for his wife, Mrs. Sara Ellen Stubbs, and for the estate of Charlotte Cornell, deceased, has written you

expressing the opinion that his wife is entitled to receive 120 monthly payments in the amount of $269.93 each rather than merely the $6,211.55 accumulated deposits.

"We have a copy of the brief filed by Mr. Stubbs and agree with his statement of facts in this matter but we do not agree with his conclusions of law. Section 18 of Article 2922-1 is printed at lines 1151 through 1159 of the booklet to which Mr. Stubbs refers. It includes the statement that 'all provisions of the law inconsistent with the provisions of this Act are hereby repealed to the extent of such inconsistency.' Since this Statute became effective in 1956, the Board of Trustees of the Teacher Retirement System has relied on this passage to authorize payment under the previous statute to beneficiaries of members who died after the nominal date of retirement but before the due date of the first annuity payment. It has been the position of the Board of Trustees that the 1956 Statute is silent on this point. It should be pointed out that this treatment has resulted in paying substantially more death benefits than would otherwise have been payable, since many of the members who died under this circumstance had chosen the standard annuity providing no further payments to the beneficiary and since most beneficiaries were of such close relationship to the member that they could choose an annuity equivalent to the option one retirement as a benefit after death in service.

"The Board of Trustees of the Teacher Retirement System has instructed me to ask your opinion on the question of whether it had the power to make this interpretation of the teacher retirement law."

The following are the statutes involved:

Section 5 (1) of Article 2922-1, Vernon's Civil Statutes.

"Sec. 5 (1). Eligibility to and Allowances for Service Retirement.

"Any member desiring service retirement shall make written application therefor to the State Board of Trustees. A member who satisfies the following conditions and minimum requirements shall be eligible for service retirement upon the terms and at the times here stated:

"(a) At the last day of any month in which the member shall have attained the age of sixty-five (65) years, or more, and shall have completed ten (10) or more years of creditable service, the member shall be entitled to retire with a standard service retirement benefit, consisting of a standard annuity (calculated as provided in subsection 22 of Section 1), the monthly installments of which shall be payable during the life of the annuitant.

"  .  .  .

"2.   Optional Service Retirement Benefits.

"In lieu of any service retirement benefit allowable under the preceding subsection, and provided he shall make such election and nomination at least thirty (30) days before the date fixed for retirement, the member may elect to receive the actuarial equivalent thereof in the form of a reduced monthly benefit payable throughout his lifetime, with the provision that:

"  .  .  .

"Option Four:   In the event of his death before one hundred twenty (120) monthly payments of such annuity have been made such payments shall be continued to such person as he may nominate in writing, or to the executor or administrator of his estate, until the remainder of the one hundred twenty (120) payments have been made; or

"  .  .  ."

Section 5 (1), Article 2922-1, Vernon's Civil Statutes, expressly specifies the conditions and minimum requirements for service retirement (. . . "shall be eligible for service retirement upon the terms and at the times here stated:").

The 1955 Act (Acts 54th Legislature, Chapter 530, S.B. #290 at page 1655) effective November 6, 1956, eliminates the statutory provision making the optional selection contingent upon the claimant's living for thirty days after retirement. Since Attorney General's Opinion V-1465 was written June 17, 1952, it would apply to the then existing statute and would not apply here.

The rules and regulations of the Board of Trustees of the Teacher's Retirement System of Texas relied upon in refusing Mrs. Stubbs' claim is based upon the previous statute and is not in conformity with the present law. The Board's rules and regulations cannot overthrow the clear words of the statute or impose any additional conditions on the claimant.

This office construes the statement that "all provisions of the law inconsistent with the provisions of this Act are hereby repealed to the extent of such inconsistency" to mean that any previous laws inconsistent with the Acts of the 54th Legislature are repealed. Since the 1955 Act (Acts of the 54th Legislature) leaves out the statutory provision making the optional selection contingent upon the claimant's living for 30 days after retirement, we feel that it was the intention of the Legislature to change the law. In fact, an amendment operates to repeal any provision of the original act that is omitted. State v. Andrews, 20 Tex. 30 (1870).

Therefore, it is the opinion of this office that Miss Charlotte P. Cornell's retirement was effective April 30, 1963; that such retirement was an accomplished fact; and that under the terms of the present Teacher's Retirement Law in effect at the date of Miss Cornell's retirement the "guaranteed ten year annuity" under Option 4 became binding, certain, and effective on April 30, the date of retirement, and that Miss Cornell was absolutely entitled to the Option 4 annuity as an obligation fixed and certain. Furthermore, since Mrs. Stubbs is her nominee under the statute she is entitled to receive the $269.93 annuity each month for 120 months.

## SUMMARY

When a teacher retires under Section 5, Article 2922-1 of the Teacher Retirement Act and chooses Option 4, her ten year annuity becomes binding, as the requirement of the original

1937 act that she live 30 days after retirement was repealed by the 1955 amendment.

Yours very truly,

WAGGONER CARR
Attorney General

By    *Bill Morse jr*

Bill Morse, Jr.
Assistant

BMJr:sj:ms

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
John Reeves
Albert Jones
Linward Shivers
Robert Smith

APPROVED FOR THE ATTORNEY GENERAL
By: Stanton Stone